■ In the Matter of DOLGIN ELDERT CORPORATION. In the Matter of KALMON DOLGIN REALTIES, INC. ISRAEL M. DOLGIN et al., Respondents, v. JORDAN H. DOLGIN et al., Appellants.— In consolidated matters (the first two above-entitled matters are for dissolution of corporations and the third is for specific performance of an agreement) Jordan Dolgin and Dora Dolgin, petitioners in the dissolution matters and defendants in the action, appeal from an order of the Supreme Court, Kings County, dated June 24, 1971, which *inter alia* adjudged that these matters are settled and provided for allocation of certain properties and payment of money. Order affirmed, with one bill of costs jointly against appellants appearing separately and filing separate briefs. No opinion. Latham, Acting P. J., Christ and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the order and restore the case to the calendar for trial, with the following memorandum: The transcript of June 16, 1971 makes it clear that the parties to this litigation were not of the same mind as to the terms encompassed in the so-called oral settlement that had been hammered out on June 10. The Israel Dolgin group insisted that all issues had been resolved and that general releases should be exchanged, whereas the Jordan Dolgin faction contended the agreement was merely as to the division of the various properties and that they had not bargained away their rights to an accounting from January, 1968 (the time when Israel Dolgin took over management of the properties after the death of his brother, Morris). There is nothing to indicate the parties intended to make a piecemeal settlement. Thus, even though there was agreement on some items, the fact that other items were left unresolved precludes enforcing part of the settlement. Therefore, when the parties met in open court to finalize the agreement and it was apparent that there were major differences, the Special Term should not have imposed its will upon them. I, therefore, vote to reverse the order and restore the case to the calendar for trial. Benjamin, J., concurs in the foregoing dissent and with the following memorandum: The Special Term Justice reserved to himself the power to direct an examination before trial for a period earlier than January, 1970, if, in his opinion, such examination was required. Such reservation evidences a lack of total agreement by the parties to a final settlement.